IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10689
Conference Calendar
_____

TIMOTHY ERNEST MORAN,

Plaintiff-Appellant,

versus

GEORGE C. WACKENHUT and
SANDRA THACKER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-162-Y
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Timothy Ernest Moran has appealed the denial of his motion for appointment of counsel by the district court. An interlocutory order denying the appointment of counsel in a civil rights action may be immediately appealed. Robbins v. Maggio, 750 F.2d 405, 413 (5th Cir. 1985). A trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under § 1983 unless there are exceptional circumstances. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). A district

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

court has the discretion to appoint counsel for a plaintiff proceeding pro se if doing so would advance the proper administration of justice. Id. at 213.

Among the factors used to determine whether exceptional circumstances warrant appointment of counsel in a civil rights suit, the court should consider: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting the case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence consists in large part of conflicting testimony requiring skill in the presentation of evidence and in cross-examination. Id. This court reviews the denial of a motion to appoint counsel for an abuse of discretion. Id.

The district court gave adequate reasons, in accordance with the Ulmer test, for denying Moran's motion for appointment of counsel. Moran's complaint is straightforward and his pleadings show that he is literate and capable of presenting coherent arguments to the court. He does not need legal skills nor training to inform the court adequately of his allegations. See Feist v. Jefferson County Comm'rs Court, 778 F.2d 250, 253 (5th Cir. 1985). The district court did not abuse its discretion by refusing to appoint counsel in this case.

The appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 219, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

Moran is WARNED that the filing of frivolous appeals in the future will result in the imposition of sanctions.

APPEAL DISMISSED.